UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 00-4353

ROBERT F. DVORAK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-412-A)

Submitted: September 20, 2000

Decided: October 17, 2000

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan D. Strasser, Nancy E. Nunan, KUTAK ROCK, L.L.P., Washing-
ton, D.C., for Appellant. Helen F. Fahey, United States Attorney, Ste-
phen P. Learned, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert F. Dvorak appeals his convictions and sentences for conspiracy, making false statements, and wire fraud. We affirm.

Dvorak co-owned the Ritz Audio Visual store in Beltsville, Maryland ("Ritz AV"). In that capacity, he sold numerous items to Robert Burchell, who ostensibly purchased these goods for the Drug Enforcement Agency ("DEA") but in fact embezzled them. The primary issue at trial was whether Dvorak realized that Burchell was misusing the property bought by the DEA. The jury, apparently believing that Dvorak had the requisite awareness, convicted him of all nineteen counts in the indictment. The district court sentenced Dvorak to concurrent terms of thirty-seven months imprisonment, and this appeal followed.

Dvorak's first claim is that the district court erred by refusing to instruct the jury that good faith is a defense to charges of wire fraud and making false statements. The court's instructions concerning willfulness and knowledge adequately addressed this issue, however. See United States v. Fowler, 932 F.2d 306, 316-17 (4th Cir. 1991).

Dvorak next faults the district court for refusing to strike portions of the prosecutor's closing argument. This issue relates to hearsay evidence suggesting that Burchell resold goods the DEA bought from Ritz AV. The court did not admit this hearsay as substantive evidence of the resale of goods, but rather to show that Dvorak, who heard the statements in question, was on notice that Burchell was misusing government property. Dvorak contends that the prosecutor blurred this distinction in his closing argument. We have reviewed the prosecutor's remarks and do not agree that they had such an effect. Furthermore, because Dvorak was not implicated in any resale of property, he would not have been prejudiced by any misconceptions about the purpose for which the hearsay evidence was introduced. See United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998) (describing showing required to establish improper closing argument).

Finally, Dvorak contends that the district court failed to make the findings necessary to support its imposition of a two-level sentencing

enhancement for obstruction of justice. See United States Sentencing Guidelines Manual § 3C1.1 (1998). The court, however, specifically identified the testimony supporting such an enhancement (Dvorak's denial that he was aware of Burchell's criminal activities) and expressly found that testimony to be false and material. These findings were sufficient. See United States v. Dunnigan, 507 U.S. 87 (1993).

For the foregoing reasons, we affirm Dvorak's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3